IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

S.A., a Minor, By and Through
Her Guardian, Mother and Next Friend,
JASMINE ALSTON,
    Plaintiff,

v.                                        Civil Action No. 3:24cv852

LISA HARBILAS, et al.
    Defendants.

## OPINION

On November 29, 2022, Lisa Harbilas, a special education teacher at Chester Early Childhood Learning Academy, assaulted S.A., a three-year-old child in her care. Harbilas had assaulted other children before this incident. S.A., through her next friend and mother, Jasmine Alston, has sued Harbilas asserting a 42 U.S.C. § 1983 claim and three state law claims for assault and battery, gross negligence, and willful and wanton negligence.[1] S.A. also sued the Chesterfield County School Board ("the Board"), as well as individual school employees Mervin Daugherty, the superintendent; Monique Booth, the director of elementary school leadership – Title I; Allison Duval, employee relations administrator; and Lesley Harris, the principal, collectively ("the School Officials"). S.A. only asserts § 1983 claims against the Board and the School Officials for violations of the Eighth Amendment and the Equal Protection clause of the Fourteenth Amendment in failing to train and supervise Harbilas. She sues the School Officials in both their individual and official capacities.

The Board and the School Officials have moved to dismiss the § 1983 claims against them for failure to state a claim. Because S.A. is not a convicted person and the defendants, therefore,

---

[1] Harbilas has not yet entered an appearance in this matter.

1

could not have violated S.A.'s rights under the Eighth Amendment, the Court will grant the motions to dismiss the § 1983 claims premised on Eighth Amendment violations. The Court also will grant the motions to dismiss the § 1983 claims against the School Officials in their official capacities because those claims are duplicative of S.A.'s claims against the Board. Additionally, because S.A. has not plausibly alleged violations of her Fourteenth Amendment Equal Protection rights, the Court will grant the motions to dismiss the § 1983 claims against the Board and the School Officials in their individual capacities. But, in the interest of justice, the Court will grant S.A. leave to amend her Complaint on her claims against the Board, the School Officials in their individual capacities, and Harbilas.

## I. FACTS ALLEGED IN THE COMPLAINT[2]

Harbilas worked as a special education teacher at the Chester Early Childhood Learning Academy, a school within the Chesterfield County Public Schools ("CCPS"). S.A., a then-three-year-old child with autism and developmental delays, attended the school. In August 2022, before Harbilas's incident with S.A., someone reported Harbilas to CCPS for "pulling a student's hair and other inappropriate physical interactions and/or discipline." (ECF No. 1 ¶ 19.) In response, Harbilas received a letter of reprimand and a recommendation "for coaching on best practices." (*Id.* ¶ 20.) Duval wrote the report.[3] Additionally, at some unspecified time, "[a]nother teacher had to be reminded of mandatory abuse reporting requirements." (*Id.* ¶ 21.)

---

[2] The Court recites the facts as alleged in the Complaint, though many of the facts are vague.

[3] Though unclear whether the "report" that Duval wrote is the same as the "letter" that Harbilas received after the August 2022 incident, the Court construes the facts as saying such since the Court must draw all reasonable inferences in the plaintiff's favor. *See Short v. Harman*, 87 F.4th 593, 603 (4th Cir. 2023).

On November 29, 2022, Harbilas "physically abused" S.A. during class. (*Id.* ¶ 24.) An instructional assistant reported Harbilas's actions to Principal Harris on December 1, 2022.[4] (ECF No. 18, at 4.) The report states that Harbilas "has smacked students, spanked students, aggressively pulled students, . . . grabbed the back of the necks of students," and uttered "I am going to kill a kid today" after a child pushed over a bookshelf. (*Id.*) Duval prepared the report. Harbilas received a reprimand again and someone, presumably Duval, recommended counseling. "At some point, Harbilas was placed on administrative leave." (ECF No. 1 ¶ 26.) The Chesterfield Police Department obtained arrest warrants for assault and battery and cruelty to children for Harbilas, which led to convictions.

---

[4] The Court is "generally limited to a review of the allegations of the complaint itself" when considering a motion to dismiss. *Goines v. Valley Cmty. Servs. Bd.*, 822 F.3d 159, 165–66 (4th Cir. 2016). But the Court can "also consider documents that are explicitly incorporated into the complaint by reference." *Id.* In the Complaint, S.A. refers to a report made on December 1, 2022, but then leaves a blank space in the Complaint where it seems that she meant to include the report. (*See* ECF No. 1, at 5.) In her Opposition to the Motions to Dismiss, S.A. includes the report. (*See* ECF No. 18, at 4.) The Court, then, will consider the report included in the Opposition because S.A. explicitly referred to it in her Complaint and incorporated the report in her own brief, and the defendants do not challenge the authenticity of the report.

## II. DISCUSSION[5]

S.A. sues both the School Officials, in their individual and official capacities, and the Board under § 1983 for violating her Eighth Amendment rights and her Fourteenth Amendment Equal Protection rights when they failed to train and supervise Harbilas.[6]

As an initial matter, S.A. concedes that suing the School Officials in an official capacity under § 1983 is duplicative of suing the entity itself. *See Love-Lane v. Martin*, 355 F.3d 766, 783 (4th Cir. 2004) (a § 1983 claim against a person in their official capacity "is essentially a claim against the Board and thus should be dismissed as duplicative.") Because S.A. has sued both the Board (the entity) and the School Officials in their official capacities for the same constitutional violations, the Court will dismiss the official-capacity claims against the School Officials and will focus its analysis on the claims against the School Officials in their individual capacities and the claims against the Board.

### A. *Eighth Amendment Claims Under § 1983*

Eighth Amendment protections do not apply to a person "until after conviction and sentence." *Riley v. Dorton*, 115 F.3d 1159, 1166 (4th Cir. 1997) (quoting *Graham v. Connor*, 490 U.S. 386, 392 n.6 (1989)). S.A., therefore, cannot sue the Board or the School Officials under

---

[5] To survive a Rule 12(b)(6) motion to dismiss, a plaintiff must present sufficient facts to state a facially plausible claim for relief. *See Short*, 87 F.4th at 603. "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). Courts must accept as true the complaint's factual allegations and draw all reasonable inferences in favor of the non-moving party, but need not accept the veracity of conclusions or threadbare recitals of the cause of action's elements. *Id.*; *Iqbal*, 556 U.S. at 678.

[6] In response to the defendants' motions to dismiss, S.A. also raises for the first time that the defendants violated her Fourteenth Amendment right to "bodily integrity" and due process. (ECF No. 18, at 3.) Because "parties cannot amend their complaints through briefing," the Court will not consider this claim in its Fourteenth Amendment analysis. *S. Walk at Broadlands Homeowner's Ass'n, Inc. v. OpenBand at Broadlands, LLC*, 713 F.3d 175, 184 (4th Cir. 2013).

4

§1983 for Eighth Amendment violations because S.A., a young child, has not been convicted in criminal proceedings. Accordingly, the Court will grant the Board and the School Officials' motions to dismiss S.A.'s § 1983 claims as far as she claims the defendants violated the Eighth Amendment.

### B. Fourteenth Amendment Claims under § 1983

#### 1. Section 1983 Claim Against the Board

Section 1983 "provides a method for vindicating federal constitutional . . . rights" when a person acting under the color of law violates those rights. *Jones v. Chandrasuwan*, 820 F.3d 685, 691 (4th Cir. 2016); 42 U.S.C. § 1983. To succeed on a § 1983 claim, a plaintiff must demonstrate that the defendants deprived her of a constitutional right. *See Covenant Media of SC, LLC v. City of N. Charleston*, 493 F.3d 421, 436 (4th Cir. 2007) (explaining that, to prove a *Monell* claim, the plaintiff must show that (1) their harm "was caused by a constitutional violation," and (2) that "the [municipality] is responsible for that violation"). "Municipalities are 'persons' within the meaning of § 1983" that plaintiffs can sue. *Franklin v. City of Charlotte*, 64 F.4th 519, 535 (4th Cir. 2023). In Virginia, a local school board is a municipality. *See Starbuck v. Williamsburg James City Cnty. Sch. Bd.*, 28 F.4th 529, 532 (4th Cir. 2022). A court cannot hold a municipality liable under § 1983, however, under a theory of *respondeat superior*. *See Franklin*, 64 F.4th at 535. Rather, a plaintiff may sue "a municipality for a federal constitutional deprivation only when the municipality undertook the allegedly unconstitutional action pursuant to an 'official policy' or 'custom.'" *Starbuck*, 28 F.4th at 533 (quoting *Monell v. New York City Dept. of Soc. Servs.*, 436 U.S. 658, 690–91 (1978)).

The Fourteenth Amendment states that "[n]o State shall . . . deny to any person within its jurisdiction the equal protection of the laws." U.S. Const. amend. XIV, §1. The Fourteenth

5

Amendment, therefore, prohibits governments from treating persons "who are in all relevant respects alike," differently. *Morrison v. Garraghty*, 239 F.3d 648, 654 (4th Cir. 2001). "To succeed on an equal protection claim, a plaintiff must first demonstrate that [she] has been treated differently from others with whom [she] is similarly situated and that the unequal treatment was the result of intentional or purposeful discrimination." *Id.*

S.A. does not plausibly allege any Fourteenth Amendment Equal Protection violations that occurred due to Harbilas's dissimilar conduct between her and similarly situated students. Instead of asserting differential treatment, S.A. alleges that Harbilas also abused other children. The Complaint, then, does not sufficiently state an Equal Protection violation. And, because she has not properly alleged that the Board deprived her of a constitutional right, S.A. cannot succeed on her § 1983 claim. The Court, therefore, will grant the motion to dismiss the § 1983 claim against the Board.

### 2. *Section 1983 Claim Against the School Officials*

The Court must grant the motion to dismiss the § 1983 claim[7] against the School Officials for the same reason. Again, to properly allege a § 1983 claim, S.A. must first show that the School

---

[7] S.A.'s § 1983 claim against the School Officials rests on a theory of supervisory liability and failure to train. "Supervisory officials may be held liable in certain circumstances for the constitutional injuries inflicted by their subordinates." *Johnson v. Robinette*, 105 F.4th 99, 123 (4th Cir. 2024) (quoting *Shaw v. Stroud*, 13 F.3d 791, 798 (4th Cir. 1994)). The elements of a § 1983 supervisory liability claim require the plaintiff to prove:

> (1) that the supervisor had actual or constructive knowledge that [her] subordinate was engaged in conduct that posed a pervasive and unreasonable risk of constitutional injury to citizens like the plaintiff;
>
> (2) that the supervisor's response to that knowledge was so inadequate as to show deliberate indifference to or tacit authorization of the alleged offensive practices; and

Officials deprived her of a constitutional right. *See* 42 U.S.C. § 1983; *see Robinette*, 105 F.4th at 123; *Gallimore*, 38 F. Supp. 3d at 726. As explained, the Complaint here does not sufficiently allege that the School Officials deprived S.A. of any Equal Protection rights. The Court, therefore, must dismiss the § 1983 claim against the School Officials in their individual capacities.

### III. CONCLUSION

For the foregoing reasons, the Court will grant the Board's and the School Officials' motions to dismiss. (ECF Nos. 7, 9.) First, the Court will dismiss all claims against the School Officials in their official capacities with prejudice because those claims are duplicative of the claims against the Board (Count One). (ECF Nos. 7, 9.) Second, because the Eighth Amendment does not apply to S.A., the Court will dismiss with prejudice her § 1983 claims predicated on Eighth Amendment violations (Count One). Third, because S.A. has not sufficiently alleged that the School Board or the School Officials deprived her of her Fourteenth Amendment Equal Protection rights, the Court will dismiss the § 1983 claims based on Fourteenth Amendment Equal Protection violations, against the Board and the School Officials in their individual capacities, with prejudice (Count One). (ECF No. 7, 9.)

S.A., however, raised a different Fourteenth Amendment basis for § 1983 liability in her opposition brief that she did not include in her Complaint. After reviewing the Complaint and the

---

(3) that there was an affirmative causal link between the supervisor's inaction and the particular constitutional injury suffered by the plaintiff.

*Id.* (quoting *Shaw*, 13 F.3d at 799).

In a failure to train claim, the plaintiff must show that the "subordinates actually violated the plaintiff's constitutional or statutory rights," that the supervisor displayed deliberate indifference to the person's rights, and the "failure to train caused the subordinate to violate the plaintiff's rights." *Gallimore v. Henrico Cnty. Sch. Bd.*, 38 F. Supp. 3d 721, 726 (E.D. Va. 2014).

7

pleadings, considering the early stages of the litigation, and in the interest of justice, the Court will grant S.A. one more opportunity to amend her Complaint against the Board, the School Officials in their individual capacities, and Harbilas. S.A. must file her Amended Complaint, if she chooses to file one, within twenty-one (21) days of the date of this Opinion and the accompanying Order.

The Court will enter an appropriate Order.

Let the Clerk send a copy of this Opinion to all counsel of record.

Date: 16 ~~April~~ May 2025
Richmond, VA

/s/
John A. Gibney, Jr.
Senior United States District Judge

8