IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

S.A., a minor, by and through
her guardian, mother and next friend,
JASMINE ALSTON,
          Plaintiff,

v.                                          Civil Action No. 3:24cv852

LISA HARBILAS, *et al.*,
          Defendants.

## OPINION

On November 29, 2022, Lisa Harbilas, a special education teacher at Chester Early Childhood Learning Academy, allegedly assaulted S.A., a three-year-old child in her care. S.A., through her next friend and mother, sued Harbilas, asserting a 42 U.S.C. § 1983 claim and three state law tort claims. S.A. also sued the Chesterfield County School Board (the "Board"), as well as individual employees Mervin Daugherty, the county's superintendent; Monique Booth, the director of elementary school leadership – Title I; Allison DuVal, employee relations administrator; and Lesley Harris, the Chester Early Childhood Learning Academy principal (collectively, the "School Officials"). S.A.'s amended complaint[1] asserts a § 1983 claim against the Board and the School Officials for violating her Fourteenth Amendment substantive due

---

[1] S.A. filed her original complaint on November 17, 2024, asserting violations of the Eighth Amendment and the Equal Protection Clause of the Fourteenth Amendment. (ECF No. 1.) In response to the defendants' original motions to dismiss, S.A. raised for the first time that the defendants violated her Fourteenth Amendment due process right to bodily integrity. The Court dismissed S.A.'s claims against the Board and the School Officials because S.A. had not sufficiently pleaded violations of the Eighth Amendment and Equal Protection Clause, but allowed S.A. to file an amended complaint asserting a violation of her substantive due process rights. The amended complaint adds very little factually to the original complaint.

1

process rights by failing to train and supervise Harbilas. She sues the School Officials only in their individual capacities.

The Board and the School Officials have moved to dismiss the § 1983 claim against them for failure to state a claim. Even assuming Harbilas's conduct violated S.A.'s right to bodily integrity under the Fourteenth Amendment's Due Process clause,[2] S.A.'s amended complaint fails to plead facts supporting theories of supervisory liability and failure to train. Accordingly, the Court dismisses S.A.'s claim against the Board and the School Officials.

## I. FACTS ALLEGED IN THE AMENDED COMPLAINT[3]

Harbilas worked as a special education teacher at the Chester Early Childhood Learning Academy, a school within the Chesterfield County Public Schools ("CCPS"). S.A., a then-three-year-old child with autism and developmental delays, attended the school.

The amended complaint alleges only one prior report of misconduct by Harbilas. In August 2022, someone reported Harbilas to CCPS for "pulling a student's hair and other inappropriate physical interactions and/or discipline." (ECF No. 24 ¶ 23.) CCPS conducted an investigation, which disclosed that Harbilas had pulled a student's hair and had used her leg to pin a misbehaving student in the student's chair. In addition, the report said that one teacher had observed her slapping the hands of inattentive pupils and "yanking" students off the floor. (ECF No. 24-1, at 5.) As a result, Harbilas received a letter of reprimand for the hair-pulling incident and a

---

[2] The Court does not decide at this time whether Harbilas's actions violated S.A.'s substantive due process rights.

[3] The Court recites the facts as alleged in the amended complaint.

2

recommendation "for 'coaching' on 'best practices.'" (ECF No. 24 ¶ 20; ECF No. 24-1, at 6.) DuVal, the employee relations administrator, wrote the report.[4]

On November 29, 2022, Harbilas "physically abused" S.A. during class. (ECF No. 24 ¶ 28.) This incident gives rise to this case. An instructional assistant reported Harbilas's alleged assault, and said that Harbilas had engaged in similar actions on other occasions. The amended complaint does not allege that any school officials had previously been advised of the other events. DuVal prepared another report, which recommended that Harbilas receive another reprimand, as well as "a Direct Support Plan" and "a formal evaluation set for the 2022-2023 school year." (ECF No. 24 ¶ 30; ECF No. 24-1, at 20.)

The Chesterfield Police Department later obtained arrest warrants for assault and battery and cruelty to children for Harbilas, which "led to convictions."[5] (ECF No. 24 ¶ 31.)

## II. DISCUSSION[6]

S.A. sues both the School Officials, in their individual capacities, and the Board under § 1983 for violating her Fourteenth Amendment substantive due process rights by failing to train and supervise Harbilas.

---

[4] Additionally, at some unspecified time, "[a]nother teacher [not Harbilas] had to be reminded of mandatory abuse reporting requirements." (ECF No. 24 ¶ 25.)

[5] The amended complaint does not specify the exact charges on which Harbilas, or others, were convicted.

[6] To survive a Rule 12(b)(6) motion to dismiss, a plaintiff must present sufficient facts to state a facially plausible claim for relief. *See Short v. Hartman*, 87 F.4th 593, 603 (4th Cir. 2023). "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). Courts must accept as true the complaint's factual allegations and draw all reasonable inferences in favor of the non-moving party, but need not accept the veracity of conclusions or threadbare recitals of the cause of action's elements. *Id.*; *Iqbal*, 556 U.S. at 678.

### A. *Claim Against the School Officials*

*1. Supervisory Liability*

S.A.'s § 1983 claim against the School Officials rests on a theory of supervisory liability.[7] "Supervisory officials may be held liable in certain circumstances for the constitutional injuries inflicted by their subordinates." *Johnson v. Robinette*, 105 F.4th 99, 123 (4th Cir. 2024) (quoting *Shaw v. Stroud*, 13 F.3d 791, 798 (4th Cir. 1994)). The plaintiff must prove the following elements:

> (1) that the supervisor had actual or constructive knowledge that [her] subordinate was engaged in conduct that posed a pervasive and unreasonable risk of constitutional injury to citizens like the plaintiff;
>
> (2) that the supervisor's response to that knowledge was so inadequate as to show deliberate indifference to or tacit authorization of the alleged offensive practices; and
>
> (3) that there was an affirmative causal link between the supervisor's inaction and the particular constitutional injury suffered by the plaintiff.

*Id.* (quoting *Shaw*, 13 F.3d at 799).

With respect to the second element, the plaintiff "assumes a heavy burden of proof in establishing deliberate indifference," even at the pleading stage.[8] *Shaw v. Stroud*, 13 F.3d 791, 799 (4th Cir. 1999). Indeed, plaintiffs alleging supervisory liability under § 1983 "cannot satisfy [their] burden of proof by pointing to a single incident or isolated incidents," but instead must allege facts demonstrating the "supervisor's continued inaction in the face of documented

---

[7] S.A. argues that the School Officials violated her constitutional rights under theories of supervisory liability and failure to train. Courts, however, typically apply the supervisory liability standard to individual defendants, and apply the failure to train standard to municipal defendants. *See Tigrett v. Rector & Visitors of the Univ. of Va.*, 290 F.3d 620, 630 (4th Cir. 2002).

[8] S.A.'s amended complaint specifically argues supervisory liability on deliberate indifference grounds, and not tacit authorization grounds. (*See* ECF No. 24 ¶¶ 52–55, 61.)

widespread abuses." *Id.*; *see also Carter v. Morris*, 164 F.3d 215, 221 (4th Cir. 1999) (holding that "only one prior incident similar to own of which [the defendant] was or should have been aware" did not establish deliberate indifference).

Causation requires the plaintiff to demonstrate an "'affirmative causal link' between the supervisor's inaction and the harm suffered by the plaintiff." *Shaw*, 13 F.3d at 799 (quoting *Slakan v. Porter*, 737 F.2d 368, 376 (4th Cir. 1984)). This requires a showing of both cause in fact and proximate cause. *Id.*

### 2. Application to the School Officials

S.A. has not alleged facts showing the second element of a supervisory liability claim—deliberate indifference.[9] The amended complaint says that the School Officials had received one prior report of misconduct: the September report which described both the August incident and some hand slapping and yanking students off the floor. It does not allege a prior pattern of abuse by other teachers in the school division. The school administration not only conducted a good-faith investigation into Harbilas's conduct, but also took corrective action. In hindsight, the School Officials perhaps could have taken stronger steps, but their response does not meet the "heavy burden" required to demonstrate deliberate indifference. *Shaw*, 13 F.3d at 799.

Further, S.A. has not pleaded facts showing the third element of her claim: a sufficiently strong causal link between the School Officials' response and S.A.'s harm. S.A.'s amended

---

[9] S.A. has likely satisfied the first element of a supervisory liability claim—that the School Officials knew of misconduct by Harbilas. DuVal prepared both reports investigating Harbilas's conduct and therefore had actual knowledge of Harbilas's conduct. Further, DuVal's second report notes that Harbilas received coaching after her first investigation from Harris and Booth "for best practices for redirection," thus demonstrating their actual knowledge. (ECF No. 24-1, at 19.) S.A.'s amended complaint does not specifically allege that Superintendent Daugherty knew of Harbilas's conduct, but the Court infers that he had constructive knowledge because both incidents were reported to Daugherty's office.

complaint largely revolves around the notion that her harm resulted from the School Officials allowing Harbilas to continue teaching after her first investigation. This, however, establishes cause in fact but not proximate cause. Indeed, S.A. only attempts to establish proximate cause by stating that she suffered harm "[a]s a proximate result of" the School Officials' inaction. (ECF No. 24 ¶ 64.) This amounts to a legal conclusion, not facts that demonstrate an affirmative link amounting to proximate cause.

### B. Claim Against the Board

For the purpose of determining liability under 42 U.S.C. § 1983, "local school boards in Virginia are treated as municipalities." *Starbuck v. Williamsburg James City Cnty. Sch. Bd.*, 28 F.4th 529, 533 (4th Cir. 2022) (citing *Riddick v. Sch. Bd. of Portsmouth*, 238 F.3d 518, 522 n.3 (4th Cir. 2000)). Consequently, a § 1983 claim against a school board must comply with the requirements of *Monell v. New York City Dep't of Social Servs.*, 436 U.S. 658 (1978).

To state a claim under *Monell*, a plaintiff must allege that the municipality violated the plaintiff's constitutional rights:

> (1) through an express policy, such as a written ordinance or regulation;
>
> (2) through the decisions of a person with final policymaking authority;
>
> (3) through an omission, such as a failure to properly train officers, that manifests deliberate indifference to the rights of citizens; or
>
> (4) through a practice that is so persistent and widespread as to constitute a custom or usage with the force of law.

*Lytle v. Doyle*, 326 F.3d 463, 471 (4th Cir. 2003). Under any of these four theories, the municipality's action or inaction must effectively amount to a "policy or custom" that carries "the force of law." *Monell*, 436 U.S. at 690, 695.

S.A. does not specify in her complaint which *Monell* theory applies to the Board, nor does she allege that the Board's actions (or inactions) amount to a policy or custom. S.A.'s complaint claims that the Board demonstrated "deliberate indifference in training" and "acquiesced in a pattern of constitutional violations," but these allegations fall under a sub-heading titled "Supervisory Liability – Failure to Train" that applies to both the Board and the individual School Officials. (ECF No. 24, at 9–10.) S.A. does not distinguish between the "supervisory liability" standard that applies to individual officials and the "failure to train" standard for municipalities under *Monell*.

Even assuming that the Board's "acquiesce[nce] in a pattern of constitutional violations" constitutes a "custom or policy," S.A. still has not met *Monell*'s pleading burden. A plaintiff seeking relief against a municipality for failure to train must show (1) that the "subordinates actually violated the plaintiff's constitutional or statutory rights," (2) that the supervisor displayed deliberate indifference to the person's rights, and (3) that the "failure to train caused the subordinate to violate the plaintiff's rights." *Gallimore v. Henrico Cnty. Sch. Bd.*, 38 F. Supp. 3d 721, 726 (E.D. Va. 2014). To satisfy the second element, a "history of widespread abuse" must exist. *Wellington v. Daniels*, 717 F.2d 932, 936 (4th Cir. 1983). Indeed, "sporadic or isolated violations of rights will not give rise to *Monell* liability; only widespread or flagrant violations will." *Holloman v. Markowski*, 661 Fed. App'x 797, 799 (4th Cir. 2016) (quoting *Owens v. Baltimore City State's Atty's Office*, 767 F.3d 379, 402–03 (4th Cir. 2014)).

One teacher's actions, even if committed multiple times, do not amount to a "history of widespread abuse." *Wellington*, 717 F.2d at 936. S.A. does not allege that other teachers have engaged in conduct similar to Harbilas's, or that Harbilas violated students' constitutional rights beyond the two incidents alleged in the amended complaint. S.A., therefore, has not alleged facts

7

supporting the Board's deliberate indifference, and the Court will dismiss S.A.'s § 1983 claim against the Board.[10]

### III. CONCLUSION

For the foregoing reasons, the Court dismisses the claims against the Board and the School Officials with prejudice. (ECF Nos. 28, 30).

The Court will enter an appropriate Order.

Let the Clerk send a copy of this Opinion to all counsel of record.

Date: 7 November 2025
Richmond, VA

/s/
John A. Gibney, Jr.
Senior United States District Judge

---

[10] For the same reasons discussed in subsection II.A.2, *supra*, S.A. has also failed to allege facts supporting a causal link between the Board's purported deliberate indifference and S.A.'s harm.